IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

CORY NOWELL,

     Plaintiff,

v.                                 C.A. No.:    1:15-cv-948

PICNIK, LLC, and,
NAOMI SEIFTER,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, CORY NOWELL, (hereinafter sometimes referred to as "Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, PICNIK, LLC and NAOMI SEIFTER (hereinafter sometimes collectively referred to as "Defendants"), and in support thereof states as follows:

## INTRODUCTION

1.     This is an action by Plaintiff against his employers for unpaid overtime wages and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*.  Plaintiff seeks damages for unpaid overtime wages, liquidated damages, and a reasonable attorney's fee and costs.

## JURISDICTION

2.     This claim is properly before this Court pursuant to 28 U.S.C. § 1331 since this claim arises under federal law, and by the private right of action conferred

in 29 U.S.C. § 216(b).

## VENUE

3.      Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Plaintiff performed work for and incurred unpaid overtime wages while working in Austin, Texas.

## THE PARTIES

4.      Plaintiff is an individual residing in Austin, Texas.

5.      Plaintiff was employed by Defendants from approximately October 1, 2014, until May 14, 2015, as a sous chef.    Some of Plaintiff's principle duties were to prepare food items to be served in Defendants' food-truck/restaurant and cleaning the kitchen.

6.      Defendant, PICNIK, LLC, is a corporation formed and existing under the laws of the State of Texas and operates an office in Austin, Texas.

7.      Defendant, NAOMI SEIFTER, supervised and controlled Plaintiff's work schedule as well as the work schedule and conditions of employment of the Plaintiff.    Defendant, NAOMI SEIFTER, determined the rate and method of payment for Plaintiffs.    Moreover, Defendant, NAOMI SEIFTER, is responsible for maintaining the employment records Defendant, PICNIK, LLC.

8.      At all times material to this complaint, Defendants had employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiffs were

employed.

9.     At all times material to this complaint, Defendants employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

10.     At all times material to this complaint, Defendants were an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

11.     Additionally, Plaintiff performed work utilizing products which were manufactured or produced outside of the state of Texas for interstate commerce and worked on or handled goods that were moving in interstate commerce.

12.     At all times material to this Complaint, Defendants were the employer of the Plaintiff and, as a matter of economic reality, Plaintiff was dependent upon Defendants for his employment.

13.     Throughout the employment of Plaintiff, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and one-half times the regular rate for each hour in excess of 40 the Plaintiff worked in a workweek.

14.     During the first four months of Plaintiff's employment with the Defendants, Plaintiff worked an average of approximately ten (10) overtime hours

per week during each week for which he did not receive any compensation for his overtime work.

15.    Defendants paid Plaintiff an hourly rate of $12.00.

16.    Defendants intentionally and willfully avoid paying Plaintiff the correct amount overtime wages due to him as required by the Fair Labor Standards Act.

17.    Defendants either knew about or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as an employer under the FLSA.

18.    Defendants acted willfully and failed to act reasonably to comply with the FLSA; therefore, Plaintiff is entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime wages pursuant to 29 U.S.C. § 216(b).

19.    As a result of Defendants' unlawful conduct, Plaintiff is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

20.    Plaintiff is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, CORY NOWELL, demands Judgment against Defendants, jointly and severally, for the following:

a.  Unpaid overtime wages found to be due and owing;

b.  An additional amount equal to the amount of overtime wages found to be due and owing as liquidated damages;

c.  Prejudgment interest in the event liquidated damages are not awarded;

d.  Reasonable attorneys' fees, costs, expert fees, mediator fees and out of pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure; and,

e.  For any such other relief as the Court may find proper, whether at law or in equity.

## JURY TRIAL DEMAND

Plaintiff, CORY NOWELL, demands a jury trial on all issues so triable.

Respectfully submitted, October 22, 2015.

ROSS LAW GROUP

_____
**CHARLES L. SCALISE**
Texas Bar No. 24064621
Attorney-in-Charge
**DANIEL B. ROSS**
Texas Bar No. 00789810
1104 San Antonio Street
Austin, Texas 78701
(512) 474-7677 Telephone
(512) 474-5306 Facsimile

Charles@rosslawgroup.com